UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

CLINT ALLAN McGOWAN,

        Petitioner,               Case No. 1:13-cv-904

v.                                        Honorable Paul L. Maloney

DUNCAN MACLAREN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Clint Allan McGowan is presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On October 26, 2006, a Montcalm County Circuit Court jury convicted Petitioner of felony murder, MICH. COMP. LAWS § 750.316(b), receiving and concealing weapons, MICH. COMP. LAWS § 750.535b, and two counts of felony-firearm possession, MICH. COMP. LAWS § 750.227b. On November 20, 2006, the court sentenced Petitioner to life imprisonment for the murder conviction, three years to ten years for the receiving-and-concealing conviction, and two years for each of the felony-firearm possession convictions.

        Petitioner appealed his convictions and sentences to the Michigan Court of Appeals. On December 15, 2009, following two remands to the circuit court for consideration of additional evidence, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. Petitioner applied for leave to appeal to the Michigan Supreme Court. On June 28, 2010, that court denied leave. Petitioner did not apply to the United States Supreme Court for a writ of certiorari.

Petitioner alleges that he filed a motion for relief from judgment in the circuit court on September 6, 2011. The court denied the motion on February 10, 2012. Petitioner sought leave to appeal the denial in the Michigan Court of Appeals and then the Michigan Supreme Court. Those courts denied leave on January 3, 2013, and July 30, 2013, respectively.

Petitioner filed his habeas petition on August 19, 2013. (ECF No. 1.) On October 27, 2013, he filed an amended petition (ECF No. 6), pursuant to the Court's order. On April 25, 2014, Respondent filed an answer to the amended petition. (ECF No. 10.) On April 28, 2014, Respondent also filed the state-court record, pursuant to Rule 5, RULES GOVERNING § 2254 CASES. (ECF No. 11.)

The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). Upon review of the entire record, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections do not apply to the grounds that Petitioner has raised.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to paragraph nine of the amended petition, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on June 28, 2010.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on September 26, 2010.  Petitioner had one year from that date, up to and including September 26, 2011, to file his habeas application.

Instead of filing his habeas petition in this Court, Petitioner returned to the Montcalm County Circuit Court. On September 9, 2011,[1] he filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Petitioner's filing of that motion constituted an "application for State post-conviction or other collateral review with respect to the pertinent judgment[,]" 28 U.S.C. § 2244(d)(2), and, thus, tolled the running of the statute of limitations. The statute of limitations was tolled so long as Petitioner's application for post-conviction relief was "pending." *Id.*

An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002). Here, Petitioner's application remained pending until the Michigan Supreme Court denied leave to appeal on July 30, 2013. Petitioner's statute of limitation began to run again on July 31, 2013.

---

[1] In his amended habeas petition, Petitioner indicated that he filed his motion for relief from judgment on September 6, 2011. (Am. Pet., ECF No. 6, PageID.130.) The docket sheet from the Montcalm County Circuit Court indicates the motion was filed on September 9, 2011. (Register of Actions, ECF No. 11-1, PageID.354.) The motion appears to have been signed by counsel on September 6, 2011. (Def.'s Mot. for Relief from J., ECF No. 11-27, PageID.4664.) Under Sixth Circuit precedent, an application filed by a prisoner is deemed filed when handed to prison authorities for mailing. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). In the Sixth Circuit, the date the prisoner signs the document is deemed to be the date of handing it to prison authorities. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). The date of signing is not material, however, when the document is filed by an attorney in the state trial court or in federal court. In the Michigan courts the "prison mailbox rule," *see* MICH. CT. R. 7.205(A)(3), applies only to inmates appearing *pro se* and only in the appellate courts. In the federal courts, the rationale for applying the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 274-276 (1988), simply does not apply where a prisoner is represented by counsel. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir.2002) (ruling that prison mailbox rule does not extend to prisoners represented by counsel); *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000) (same); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) ("[T]o benefit from the mailbox rule . . . the prisoner must be proceeding without assistance of counsel."); *Williams v. Russo*, 636 F. App'x 527, 531 (11th Cir. 2016) ("The mailbox rule only applies to (1) court filings (2) submitted by *pro se* prisoners."). The filing date, therefore is September 9, 2011, not September 6, 2011.

At the time Petitioner filed his motion for relief from judgment in the state court, seventeen days remained on his one-year limitations period.[2] Accordingly, his last day to timely file his habeas petition was Friday, August 16, 2013. Petitioner, through counsel, filed his habeas petition, on Monday, August 19, 2013. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Petitioner is proceeding with the benefit of representation

---

[2]Under the Federal Rules of Civil Procedure, in computing any time period stated in days or a longer unit of time, one must "(A) exclude the day of the event that triggers the period; (B) count every day including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1). Thus, the day of the event that triggers the running of the statute (the expiration of Petitioner's 90 day period to petition for a writ of certiorari) is not counted, but the day of the event that triggers the tolling of the statute (the filing of the motion for relief from judgment) is counted.

by counsel. Thus, the fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). "'[A] garden variety claim of excusable neglect,' . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, . . . does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651 (2010) (citations omitted); see also Miscalculation of a filing deadline does not provide a basis for tolling the statute of limitations. *Maples v. Thomas*, 132 S. Ct. 912, 923 (2012) ("[A]n attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit.") (citing *Holland*, 560 U.S. at 651-52). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: November 3, 2016         /s/ Phillip J. Green
                                 Phillip J. Green
                                 United States Magistrate Judge

- 7 -

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).