UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLINT ALLAN MCGOWEN, #625955,  )
    Petitioner,  )
    )    No. 1:13-cv-904
-v-  )
    )    HONORABLE PAUL L. MALONEY
DUNCAN MACLAREN,  )
    Respondent.  )
_____)

## ORDER REJECTING REPORT AND RECOMMENDATION

In November 2016, the Magistrate Judge issued a report and recommendation (ECF No. 46), which "recommend[ed] [*sua sponte*] that the habeas corpus petition be denied because it is barred by the one-year statute of limitations." (ECF No. 14 at PageID.5135.) The Magistrate Judge correctly concluded that Petitioner's "last day to timely file is habeas petition was Friday August 16, 2013," but noted that he had not filed the petition until August 19, 2013. (*Id.* at PageID.5133.)

Ultimately, the Court must reject the Report and Recommendation, but for none of the objections Petitioner fully articulates: although the petition was untimely, the State deliberately waived any statute of limitations defense.[1]

    a.    **Petitioner's First Objection**

Petitioner first argues that the Magistrate Judge "relied on a state court rule that does not apply, and failed to rely on the rule that does apply." (ECF No. 15 at PageID.5138.) This first argument lacks merit.

---

[1] The Court, of course, reviews the Report and Recommendation de novo. *See* 28 U.S.C. § 636(b) and W.D. Mich. LCivR 72.3(b).

Petitioner's "filed" his motion for relief from judgment in state circuit court on September 9, 2011, not on September 6, 2011 as he contends.

It is true that the Magistrate Judge cited in a footnote to a rule that pertains to the Michigan Court of Appeals in the context of discussing Michigan state courts rejecting the mailbox rule. (*See* ECF No. 14 at PageID.5132.) This Rule, as Petitioner notes, does not apply to a motion for relief from judgment in state circuit court.

However, another rule and case law necessitate the same conclusion that Petitioner "filed" his motion on September 9, 2011.

"Pleadings and other materials filed with the court as required by these rules must be filed with the clerk of the court in accordance with standards prescribed by MCR 1.109(C), except that the judge to whom the case is assigned may accept materials for filing when circumstances warrant. A Judge who does so shall note the *filing date* on the materials and immediately transmit them to the clerk . . . If the clerk records the *receipt* of materials on a date other than the *filing date*, the clerk shall record the filing date on the register of actions." Mich. Ct. R. 2.107(G) (emphasis added). Put simply, Rule 2.107(G) "unambiguously requires that filing be with the court clerk, or a judge, with permission," *Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171, 173 (Mich. Ct. App. 1997), and not merely the mailbox.

"The clerk of the court [must] endorse on the first page of every document the *date on which it is filed*." Mich. Ct. R. 8.119(C) (emphasis added). Each document must "meet . . . minimum filing requirements," *id.*, and "[a] clerk of court may reject nonconforming documents." Mich. Ct. R. 1.109(C)(4).[2] Merely "mailing [a] complaint," or any document,

---

[2] If the Clerk can "reject" filings, surely "filing" is not complete upon mailing.

2

"does not constitute filing." *Biafore v. Baker*, 326 N.W. 598, 599 (Mich. Ct. App. 1982) (collecting cases). Rather, "[a] paper or document is filed when it is delivered to and received by the proper officer to be kept on file, and the endorsement of the officer with whom it is filed is but evidence of the time of filing." *Id.*

Petitioner's argument that Michigan Court Rule 2.107(C)(3) provides the date of service, and *therefore filing*, misses the mark.

It is true that under Michigan Court Rules, "[s]ervice by mail is complete at the time of mailing." Mich. Ct. R. 2.107(C)(3) (emphasis added). But the Rules specifically contemplate, for example, that "[t]he proof of service may be included at the end of the paper *as filed*." Mich. Ct. R. 2.107(D). Service is distinct from filing. The purpose of service is to ensure that the other party or parties to the case have been served with notice of the filing. The Court needs no separate proof that it was served—the Clerk of Court performs that function, and "[i]t is the responsibility of the party who presented the materials to confirm that they have been filed with the clerk." Mich. Ct. R. 2.107(G).

Here, the Michigan state court record, which this Court must defer to, unambiguously reflects the motion for relief from judgment was "filed" on September 9, 2011. (ECF No. 11-1 at PageID.354.) The motion was not "filed" within the meaning of the appropriate Michigan Court Rules when Petitioner "mailed" the motion in on September 6, 2011, even if he "served" the State on that date. The petition was unquestionably untimely. Accordingly, Petitioner's first objection is **OVERRULED**. The Court modifies the Report and Recommendation insofar as the correct state court rules are referenced. *See, e.g.*, Mich. Ct. R. 2.107(G).

3

### b.     Petitioner's Second Objection

Petitioner next asserts, correctly, that "[t]he district court is not required by case law to dismiss the case." (ECF No. 15 at PageID.5139.) Thus, Petitioner pleads with the Court to exercise its discretion differently than what the Magistrate Judge recommends.

Petitioner does not need to so plea, though, because there's a much more obvious objection that is fatal to the Report and Recommendation.

"[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The reason district courts are permitted is that "no Rule, statute, or constitutional provision commands a judge who detects a clear computation error to suppress that knowledge." *Id.* at 210. But, of course, "courts are under no *obligation* to raise the time bar *sua sponte*" because a "statute of limitations defense . . . is not jurisdictional." *Id.* at 205.

However, a related line of case law affirms that "[a] court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense." *Wood v. Milyard*, 566 U.S. 463, 466 (2012) (citing *Day*, 547 U.S. at 202, 210 n.11).[3] That is, a court can only dismiss a petition *sua sponte* where "the State's concession of timeliness resulted from

---

[3] The Court will note that Petitioner did not fully develop this argument—that the State actually *waived* the statute of limitations defense—and instead opted to advance meritless or otherwise questionable arguments with respect to state court rules, the Court's discretion, and an allegedly indefinite right to pursue the Great Writ. Nonetheless, the Court is obligated to correct a clear error of law on a de novo review of a report and recommendation prior to dismissing a petition *sua sponte* in this fashion. *See Day*, 547 U.S. at 202 ("[W]e would count it an abuse of discretion to override a State's deliberate waiver of limitations defense."). Normally, the failure to sufficiently articulate an objection constitutes waiver. *See, e.g., United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). However, even when an objection is not filed, the Court may reject the recommendation if it contains a "clear error." *See* Fed. R. Civ. P. 72(b) advisory committee's note. And in any event, since *sua sponte* dismissal under these circumstances is unquestionably a matter of discretion, *see Day*, 547 U.S. at 209, the Court could (and would) also decline to dismiss the petition *sua sponte* on its own.

'inadvertent error,' [and] not from any deliberate decision to proceed straightaway to the merits." *Id.* at 473.

In *Milyard*, the Supreme Court found a lower court abused its discretion by dismissing *sua sponte* a petition where the respondent had asserted the following in its full answer to the federal petition: "Respondents are not challenging, but do not concede, the timeliness of the petition." *Id.* at 467. Similarly here. The State, for whatever reason,[4] affirmatively asserted the following: "The State is not arguing that any of McGowan's habeas claims are barred by the statute of limitations." (ECF No. 10 at PageID.215.) That constituted "a deliberate decision to proceed on the merits," just as it did in *Milyard*, 566 U.S. at 472.

Because the State deliberately waived any statute of limitations defense, the Court need not address Defendants' remaining arguments (Objections Three and Four) on equitable tolling or constitutional grounds. And a certificate of appealability is not necessary at this time (Objection Five).

Petitioner's objection is hereby **SUSTAINED IN PART** (ECF No. 15); the Magistrate Judge's Report and Recommendation is hereby **REJECTED**. (ECF No. 14.) The Magistrate Judge shall substantively address the petition and its claims—with a reasonable degree of priority in light of the petition's 2013 filing date.

**IT IS SO ORDERED**.

Date:   March 15, 2017              /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge

---

[4] It's possible, for example, that the State "'strategically' withheld the defense" or otherwise simply "chose to relinquish it." *Day*, 547 U.S. at 211.